NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**ANTHONY G. CLARKE,**
*Plaintiff-Appellant,*

v.

**UNITED STATES,**
*Defendant-Appellee.*

---

2010-5133

---

Appeal from the United States Court of Federal Claims in Case No. 10-CV-283, Judge Nancy B. Firestone.

---

Decided: November 5, 2010

---

ANTHONY G. CLARKE, of Savannah, Tennessee, pro se.

COURTNEY S. MCNAMARA, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for defendant-appellee. With her on the brief were TONY WEST, Assistant Attorney General, JEANNE E. DAVIDSON, Director, and BRIAN M. SIMKIN, Assistant Director.

---

Before RADER, *Chief Judge*, LOURIE and MOORE, *Circuit Judges*.

PER CURIAM.

## DECISION

Anthony Clarke appeals from the decision of the United States Court of Federal Claims ("the Claims Court") dismissing his complaint for lack of subject matter jurisdiction. *Clarke v. United States*, Fed. Cl. No. 10-283C (May 24, 2010). Because the Claims Court correctly determined that it did not have subject matter jurisdiction over Clarke's claim, which pertained to civil rights and requested equitable relief, we *affirm*.

## BACKGROUND

Clarke's suit in the Claims Court is based on complaints he filed with the Office of the Inspector General of the United States Department of Housing and Urban Development (the "OIG" of the "HUD") and HUD's office of Fair Housing and Equal Opportunity ("FHEO") in April 1998. The FHEO closed Clarke's case in May 1998, finding that there were "no valid issues."

Clarke's complaint in the Claims Court alleges that the HUD complaints he filed (which apparently were consolidated) were used to further investigations of fraud, waste, and abuse of federal funds. At the same time, Clarke alleges that the FHEO misrepresented the status of the complaints, claiming that they were closed and had been destroyed. Clarke's complaint alleges that the government failed to protect him from housing discrimination, a duty that Clarke alleges arose when the government signed a Form HHS-690. The Claims Court noted that Clarke's complaint made no mention of money damages. Rather, the court found that although he did not specify the relief he sought, it appeared Clarke was

seeking to reopen his 1998 complaint, alleging that he was denied equal protection of the law and that the government had violated 18 U.S.C. §§ 241, 242, 245, 42 U.S.C. §§ 3631, 14141, 28 C.F.R. Pt 35 A, B, C, D, F, and various community development block grant laws. The Claims Court noted that none of the cited criminal statutes provided a basis for Clarke to bring a civil action. In addition, the Claims Court determined 42 U.S.C. § 14141 to be irrelevant because it allows the U.S. Attorney General to bring a civil action for civil rights violations committed by law enforcement. The Claims Court further noted that the cited regulations, which addressed nondiscrimination on the basis of disability, or the community development block grant laws, which appeared to address civil rights violations, would not provide the Claims Court with jurisdiction, because the United States district courts have exclusive jurisdiction over claimed civil rights violations.

The Claims Court thereafter dismissed Clarke's claim for lack of subject matter jurisdiction. Clarke timely appealed.

## DISCUSSION

We review the Claims Court's dismissal for lack of subject matter jurisdiction *de novo*. *Res. Conservation Group, LLC v. United States*, 597 F.3d 1238, 1242 (Fed. Cir. 2010).

Clarke argues that the Claims Court erred in dismissing his claim for lack of subject matter jurisdiction. To support his contention, Clarke alleges that his claim before the HUD's OIG had merit based on an audit report, but that substantial portions of that original claim were "blanked out" by the office because it substantiated various violations he had alleged. Clarke further argues that the Claims Court should have inferred that his claim was

a "non-tort monetary claim under special jurisdiction," and brought pursuant to 28 U.S.C. § 1491. Lastly, Clarke appears to argue here that his suit is a *qui tam* action under the False Claims act, and that because his complaint to the HUD resulted in the discovery of some kind of fraud, he was entitled to some percentage of $109 million. As a result of this claim, Clarke argues, there was no need for him to mention money damages in his complaint.

The government counters that none of Clarke's arguments constitutes an allegation of the existence of a contract or money-mandating statute or regulation giving rise to jurisdiction in the Claims Court. Specifically, the government argues that Clarke's first argument has to do with the merits of his original claim before the HUD, rather than relating to the Claims Court's jurisdiction over his action. The government argues that Clarke's suggestion that his claim was a non-tort monetary action brought pursuant to 28 U.S.C. § 1491 is conclusory, and merely states that the court should have inferred that it had jurisdiction over his claim. Lastly, the government argues that Clarke did not allege in the Claims Court that his claim was a *qui tam* action. Nonetheless, the government argues that such allegations would not support jurisdiction in the Claims Court.

We conclude that the Claims Court correctly determined that it lacked subject matter jurisdiction over Clarke's claim. The Tucker Act is a waiver of sovereign immunity allowing a plaintiff to sue the United States for money damages. *United States v. Mitchell*, 463 U.S. 206, 212 (1983). It establishes the limited jurisdiction of the Claims Court. 28 U.S.C. § 1491. In order to invoke the Claims Court's jurisdiction, however, a plaintiff must identify a money-mandating source within a contract, regulation, statute, or constitutional provision itself.

*Jan's Helicopter Serv., Inc. v. Fed. Aviation Admin.*, 525 F.3d 1299, 1306 (Fed. Cir. 2008). That is because the Tucker Act creates no substantive right of recovery against the United States. *United States v. Testan*, 424 U.S. 392, 398 (1976). As a result, Clarke's claim that he was bringing a non-tort monetary action under the Tucker Act is insufficient to bestow jurisdiction on the Claims Court. The Claims Court rightly looked to the statutes and regulations cited by Clarke to determine whether any of them constituted a money-mandating source and correctly concluded that they did not. The criminal statutes cited by Clarke do not provide a basis for an action in civil court. And, as the Claims Court explained, jurisdiction over claimed civil rights violations lies in the district courts. 28 U.S.C. § 1343. To the extent Clarke is seeking equitable relief, the Claims Court does not have jurisdiction over such claims where they are entirely unrelated to a money judgment. *See, e.g,, Bowen v. Massachusetts*, 487 U.S. 879, 905 (1988).

Clarke did not allege in the Claims Court that he was filing a *qui tam* action pursuant to the False Claims Act. Nevertheless, the Claims Court does not have jurisdiction over *qui tam* suits. Such suits must be brought in the district courts. *LeBlanc v. United States*, 50 F.3d 1025, 1031 (Fed. Cir. 1995). Lastly, subject matter jurisdiction is a threshold issue; without jurisdiction over the subject matter, the court must dismiss the claim. *PODS, Inc. v. Porta Stor, Inc.*, 484 F.3d 1359, 1365 (Fed. Cir. 2007). Therefore, Clarke's arguments as to the merits of the complaints he filed with the HUD are irrelevant to the jurisdictional question.

Accordingly, we *affirm* the Claims Court's decision dismissing Clarke's complaint for lack of subject matter jurisdiction.

## **AFFIRMED**

### Costs

No costs.